The opinion of the court was delivered, July 7th 1870, by
Sharswood, J.
Daniel Beatty prosecuted in the court below an action of covenant against the Lycoming County Mutual Insurance Company, to recover for losses by fire on two policies of insurance, one covering his household furniture and groceries, and the other his dwelling-house. Under the charge of the learned judge below he recovered a verdict upon the policy on the dwelling-house, but the jury gave him nothing for his household furniture and groceries. Both parties have sued out’ writs of error to the judgment.
There are several assignments of error, hut all may be disposed of by the resolution of three questions, arising upon the application of an article or condition of each policy requiring that in the case of a loss the insured shall forthwith give notice thereof to the secretary, and within thirty days of the fire a particular account of such loss or damage signed, &c.
The three errors assigned by the insurance company relate to the first question. The learned judge instructed the jury that there was sufficient evidence of notice forthwith given by the assured of the occurrence of the' fire, to fulfil the requirement of the policies in that respect. It appears that the fire occurred August 31st 1858, and that the morning after, the local agent of the company, in company with counsel, visited the premises and made an examination of the circumstances attending it. Daniel Beatty, the insured, was himself examined as a witness under oath, his testimony or statement reduced to writing and signed by him. It was forwarded by the agent to the secretary of the insurance company on the following day, and was received by him. We think the- learned judge was perfectly right in holding this a sufficient notice of the loss within the terms of the policy. It was held in The West Branch Insurance Company v. Helfenstein, 4 Wright 289, in a case in which the policy contained a condition expressed in the same words as this, that a written notice to the secretary from the local agent upon information conveyed to him by the assured is sufficient. There is nothing to prevent the assured from constituting the agent of the company his attorney to give the notice, and if he does give the notice accordingly, the company cannot object without a rule or condition prohibiting the agent from being employed for such purpose. But this case is stronger than that. The statement of the fact and circumstances of the fire was signed by the assured himself, and transmitted through the local agent to the secretary of the company. How it reached *17 the proper destination is entirely immaterial, provided it was forwarded in due and reasonable time, which in this instance is not denied. This disposes of the writ of error of the insurance company.
The second question which is raised by the first assignment of error of the plaintiff below is, whether there was any evidence of such a particular statement of the loss under the policy upon household furniture and groceries as was required by its terms. The learned judge instructed the jury that there was not. The plaintiff maintains that the sufficiency o'f the statement was for the jury, upon the authority of The Franklin Insurance Company v. Updegraff, 7 Wright 850. The report of that case does not furnish us with the statement. It is said in the charge of the court below to have been general, not particular; that it did not specify the different articles consumed. We must assume, however, that some information was given of the character and extent of the loss. It was then for the jury to say whether it was as particular as it should have been. But in this case there was no statement at all. The paper given in evidence as such is a mere reiteration of the description in the policy, namely: “Household furniture, $367 ; groceries, $233, making together the sum of $600, were also lost and destroyed by fire aforesaid, the whole property of undersigned in the house at the time being destroyed, with the exception only of a few articles of household furniture.” It is certainly not necessary in every case to report all the items in detail which constitute the loss. It may be entirely out of the power of the assured to do so. His books and papers may have been destroyed by the fire. But every person assured must be presumed to know enough to be able to remember some particulars, or to give a description if it do not descend to details of the different kinds and value of the articles. There are few men who, with assistance of the members of their family, could not give some description of their household furniture. In The Lycoming County Insurance Company v. Updegraff, 4 Wright 311, an instruction to the jury that a statement of this character was not such a particular account of the loss as was required by the,policy, was approved and affirmed by this court. This assignment of error, therefore, is not sustained.
The only remaining question which is raised by the plaintiffs’ second assignment is, whether there was any evidence of waiver by the company of the condition requiring a particular statement. The learned judge held that there was not, and we think rightly. It was required to be within thirty days after the fire. Now to constitute a waiver there should be shown some official act or declaration by the company during the currency of the time, dispensing with it; something from which the assured might reasonably infer that the underwriters did not mean to insist upon it. *18 Ah is remarked by the present .Chief Justice in Diehl v. Adams County Insurance Company, 8 P. E. Smith 452, “this never occurs unless intended or where the act relied on ought in equity to estop the party from denying it.” Mere silence is not enough. After the thirty days had expired without any statement, nothing but the express agreement of the company could renew or revivify the contract. Had a statement been furnished, within the time it might have been the duty of the insurers to notify the assured of any merely formal defect so that it might be remedied. If the paper dated September 20th 1858, was to be regarded as a statement and not a mere notice of the loss, the defects of it were substantial, not formal merely. The case of The Inland Insurance Company v. Stauffer, 9 Casey 397, was where a notice' of loss was given to a director and not to the secretary. A few days after-wards the president of the company and another director canm out to view the ruins, meeting there committees from other insurance companies and avowing that they came on the business of the insurers. These facts it was held might be submitted with others to the jury as evidence of a waiver of a strict and formal compliance with the condition. That case is in none of its circumstances parallel with this. The second assignment of error of the plaintiff is therefore not sustained.
Judgment affirmed.